[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This postjudgment matter comes before the court on the defendant's motion for contempt, dated October 11, 1994 (No. 124), and the plaintiff's amended motion for modification, dated February 27, 1994 (No. 126), which incorporated a previously filed motion for modification, dated August 31, 1994 (No. 122).
The parties' marriage was dissolved by the court (Mihalakos, J.) on April 6, 1994. Pursuant to the terms of the memorandum of decision, the plaintiff was ordered to pay to the defendant the sum of $250 per week for a five year period, or until the earlier death of either party, or the remarriage of the wife. Further, the plaintiff was to maintain and pay for the defendant's medical insurance for eighteen (18) months. The parties were to equally divide the Household Finance bill, and the plaintiff was to pay to the defendant the sum of $1,500, representing the pendente lite arrearage at the time of trial.
In the late spring, early summer of 1994, the plaintiff closed his plumbing business and entered into a verbal agreement with another company to work for them for $17 per hour. Toward the end of 1994, the company laid off sixteen (16) employees, keeping only four. The plaintiff was one of the last of the sixteen (16) laid off on December 16, 1994. On January 2, 1995, he began collecting unemployment compensation. His gross weekly check is $203. CT Page 8466
No evidence was presented as to the plaintiff's earnings prior to the filing of the August, 1994 motion for modification. Although the plaintiff believed that he was earning less than previously, the evidence of his average pay, including gas reimbursements for the period September to December, 1994, were substantially equal to the $500 weekly pay he reflected on his financial affidavit at the time of the dissolution. At the time he was laid off from his employment, however, a substantial change in his financial circumstances did occur.
The defendant is still unemployed and due to her health is unemployable. Her sister has been living with her for nine months and plans on staying for awhile to help her out, paying $75 per week toward expenses. She also receives rental income of $700 per month.
The defendant's financial affidavit reflects a $26,933.36 decrease in assets, and a $9,807.18 decrease in total liabilities since the dissolution. The plaintiff's current financial affidavit reflects an asset decrease of $2,735.53 (not including the value of the real property awarded to the defendant in the dissolution judgment) and an increase of $9,529.56 in his liabilities.
The plaintiff made the $250 court ordered periodic payments until August 27, 1994, when the payment amounts varied from $260 down to $100 per week. Commencing January 7, 1995, he has made payments in the amount of $25 per week. He has made the regular total monthly payment on the Household Finance bill as the company would not accept a splitting of the bill. The plaintiff has also continued to maintain the defendant's health insurance.
Based upon the evidence presented and having considered all of the statutory criteria, the court makes the following findings and orders:
1. No finding of contempt is made at this time.
2. The plaintiff's voluntary change from self-employment did not create the change in his financial circumstances.
3. No substantial change in the plaintiff's financial circumstances is found with reference to the plaintiff's August, 1994 motion for modification. CT Page 8467
4. Effective as of the March 13, 1995 hearing, on plaintiff's February 27, 1995 motion to modify, the alimony payment is reduced to $50 per week.
5. An arrearage is found in the amount of $5,080. The arrearage shall be paid at the rate of $13 per week with an additional payment of $2,000 due no later than ninety (90) days of this decision. In ordering this payment, the court notes that the plaintiff owns three vehicles.
6. The plaintiff is ordered to provide detailed information regarding his income from all sources, employment status and his efforts to obtain employment to the defendant on a monthly basis.
7. The parties are to return to court upon the plaintiff's obtaining any income producing employment which creates a substantial change in the plaintiff's income for a review of the alimony orders.
Dennis, J.